GREENBERG TRAURIG, LLP
MATTHEW R. GERSHMAN (SBN 253031 )
gershmanm@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  310-586-7700
Facsimile:   310-586-7800

JS-6

CAMERON M. NELSON (Pro Hac Vice)
nelson@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435
*Attorneys for* Plaintiff,
UL LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Rider Best, Inc., a California corporation;<br>Enping City Shuangyi Electronics Industrial<br>Company, a foreign corporation; Weijian<br>Wu, an individual; Xue Ying Zheng, aka<br>Vivien Zheng, an individual; and John Does<br>1-10, individuals,<br><br>        Defendants. | Case No.:  2:14-cv-04396-SJO-AJW<br><br>**CONSENT DECREE AND<br>PERMANENT INJUNCTION** |

STIPULATED PERMANENT INJUNCTION

Plaintiff UL LLC ("UL") and Defendants Rider Best, Inc., Enping City ShuangYi Electronics Industrial Co., Weijian Wu, and Xue Ying Zheng, aka Vivien Zheng, ("Defendants"), through their counsel, have agreed to enter into stipulated Consent Decree and Permanent Injunction in conjunction with their Settlement Agreement.

This order is made with reference to the following facts, which the Defendants admit:

UL is the owner of the famous UL-in-a-circle certification mark, and variations thereof, in the United States and abroad, including UL® (stylized) (Reg. No. 782,589), UL® (stylized) (Reg. No. 2,391,140), and UL® (Reg. No. 4,201,014), among other trademark registrations (collectively, the "UL Marks"). The UL Marks are valid, famous, incontestable, and enforceable.

Beginning in at least early 2013, Defendants imported tens of thousands of power adapters which bore counterfeits of UL Marks. Enping City ShuangYi Electronics Industrial Co. ("ShuangYi") asserts that it purchased the counterfeit power adapters from Shenzhen YaXunTong Electronic Technology Co. Ltd. ("YaXunTong"). YaXunTong is not authorized to place the UL Marks on any product.

ShuangYi claims that it instructed YaXunTong not to place the UL Marks on the counterfeit power adapters. ShuangYi accepted delivery of at least 84,000 power adapters bearing counterfeit UL Marks from YaXunTong, and then shipped these 84,000 power adapters to Rider Best, Inc. in California. ShuangYi claims that it did not notice the presence of the counterfeit UL marks on the power adapters. Xue Ying Zheng, despite being the President of Rider Best, Inc., claims she was not personally involved in the purchase, importation, or sale of the counterfeit power adapters, and contends she did not notice the presence of counterfeit UL marks on the power adapters.

Rider Best, Inc. is a wholly owned affiliate of ShuangYi. Rider Best, Inc. sold these power adapters bearing counterfeit UL Marks to the general public through at least two Los Angeles locations, 915 East 11th Street, and 448 South Los Angeles Street, Unit 4. Rider Best, Inc. also shipped these power adapters bearing counterfeits of UL marks

1

STIPULATED PERMANENT INJUNCTION

to other retailers in the United States.  An employee of Rider Best, Inc. personally imported or sold at least some of these counterfeit goods.  Rider Best, Inc. claims that it did not notice the presence of the counterfeit UL marks on the power adapters.

On February 24, 2014, the Los Angeles County Sheriff's Department seized about 20,207 counterfeit power adapters from the 11th Street location, and about 8,699 counterfeit power adapters from the Los Angeles Street location.  Defendants sold tens of thousands of power adapters bearing counterfeits of UL Marks to the general public.

The parties have entered into a settlement agreement, and as part of that settlement agreement have stipulated to this Consent Decree and Permanent Injunction.  The Court has reviewed and considered, and hereby approves, the stipulated Consent Decree and Permanent Injunction.

It is hereby **ORDERED** that Defendants, and each of them, are found liable for selling goods bearing counterfeit UL Marks in violation of 15 USC §1114, falsely designating the origin of goods in violation of 15 U.S.C. § 1125(a), Unfair Competition under California Business and Professions Code §§ 17200 *et seq.*, and False Advertising under California Business and Professions Code §§ 17500 *et seq.*  Defendants stipulate to a judgment in the amount of $150,000, and judgment is hereby entered in that amount.

It is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that Defendants, and each of them, and their respective officers, agents, servants, employees, and attorneys, and all others in active concert or participation therewith, are hereby enjoined and restrained from:

(i)     using any reproduction, counterfeit, copy, or colorable imitation of the UL's Marks, including but not limited to its famous certification mark, in connection with the manufacture, importation, sale, offering for sale, or distribution of goods in the United States, which goods in fact are not certified by UL or are not genuine UL certified products, which such use is likely to cause confusion, or to cause mistake, or to deceive;

(ii)    committing any other acts reasonably calculated to cause purchasers to

2

STIPULATED PERMANENT INJUNCTION

believe that Defendants' products are authorized or certified by UL, when in fact such products are not authorized or certified by UL;

(iii)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) and (ii); and

(iv)   other than by an order of this Court,

(a)   manufacturing, importing, distributing, selling, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the UL Marks, which such use is likely to cause confusion, or to cause mistake, or to deceive;

(b)   moving, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any reproduction, counterfeit, or imitation of the UL Marks, which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(c)   assisting any third party in identifying, moving, destroying, or otherwise disposing of any reproduction, counterfeit or imitation goods, as well as any records pertaining to reproduction, counterfeit or imitation goods, which such use is likely to cause confusion, or to cause mistake, or to deceive.

(v)   Nothing in the Order shall prohibit Defendants, or any of their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from selling or offering to sell products bearing genuine UL Marks.

**IT IS FURTHER ORDERED** that UL may perform unannounced inspections, during Defendants' business hours, of Defendants' entire inventory, and to take

3

STIPULATED PERMANENT INJUNCTION

CHI 64774851v3

possession of any and all goods bearing counterfeit or unauthorized imitations of any of the UL Marks.  The inspections may be carried out by UL personnel, or by investigators retained by UL.  UL is further granted the right to audit, without advance notice, all of Defendants' purchases of goods.  Defendants shall maintain in good order all of their records reflecting purchases of all goods.  Upon an audit being initiated, Defendant shall cooperate with UL by making available for copying and inspection all documents that could reflect suppliers of, purchases of, and/or payments for any goods.  Any documents obtained from Defendants for the purposes of copying shall be returned within two (2) business days. Unannounced inspections and audits under this paragraph shall be limited to two (2) per year.

**IT IS FURTHER ORDERED** that Defendants will not manufacture, import, sell, offer to sell, or otherwise commercially exploit goods bearing a UL Mark without UL's explicit, written prior approval.

**IT IS FURTHER ORDERED** that this case is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction of this action for purposes of enforcement of this Consent Decree and Permanent Injunction and of the parties' settlement agreement, including the payment terms of the parties' settlement agreement.

**SO ORDERED.**

DATED:  March 26, 2015          By:_____

                                                United States District Judge

4

STIPULATED PERMANENT INJUNCTION

CHI 64774851v3